**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**MOTJUSTE TIRADE OF VIM ANDRE JUSTE,
ANDRE JUSTE, and
AIMIEE AMARAIH ANDRE JUSTE,**

      **Plaintiffs,**

     **v.**                    **CIVIL ACTION NO. 3:13-CV-182
(JUDGE GROH)**


**LINDSAY ANNMARIE PHILLIPS,
     a/k/a Lindsay Annmarie Brennan,
WAL-MART CORPORATE, INC., and
STEFANIE FAITH BRENNAN**

     **Defendant.**


**REPORT AND RECOMMENDATION THAT
PLAINTIFF'S COMPLAINT [1] BE DISMISSED**

## I.   INTRODUCTION

### A.  *Background*

This matter is currently before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2]. On December 27, 2013, Plaintiff Andre Juste filed a *pro se* Complaint on behalf of himself, MotJuste Tirade of Vim Andre Juste, an organization owned by Andre Juste, and Aimiee Amariah Andre Juste (hereinafter "the Child"), a minor under the age of twelve (12), whom Andre Juste refers to as his daughter.[1] (Complaint, ECF No. 1 at 1). Plaintiff alleges that Defendant Lindsay Annmarie Phillips, the Child's aunt, and Defendant Stefanie Faith Brennan, the Child's mother, conspired to abduct, kidnap and wrongfully remove

---

[1] As discussed below, because Andre Juste is proceeding *pro se*, he is the only plaintiff able to properly assert claims in this case. Therefore, when the Court refers to "Plaintiff," the Court is only referring to Andre Juste, not the organization or the Child.

the Child to Defendant Phillips' new home in Brevard County, Florida in violation of Plaintiff's parental rights.[2] (*Id.* at 3, 5).

Plaintiff cites several statutes throughout the Complaint when arguing his rights have been violated. (*See id.* at 1-18). Plaintiff seeks to bring criminal charges against Defendants under West Virginia, Florida and federal laws related to the alleged kidnapping and removal of the Child to Florida. (*Id.*). Under federal law, Plaintiff claims the Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), his civil rights under 42 U.S.C. §§ 1985 and 1986 and the Parental Kidnapping and Prevention Act ("PKPA"). (*Id.* at 2). Plaintiff asks for a jury trial, seeks compensatory and punitive damages, requests the return of the Child to West Virginia and ultimately seeks to be granted legal custody of the Child. (*Id.* at 10).

## B. Standard of Review

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; *see also* 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis. See* FED. R. CIV. P. 24. The Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

---

[2] Plaintiff also lists Wal-Mart Corporate, Inc. as a defendant but does not allege any claims against the corporation.

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the Court liberally construes the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, a case may be dismissed if the court finds the complaint to be frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. *Neitzke,* 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." *Id.* at 327; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute also allows for a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(B)(2). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Id*. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." *Id.* at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Conley*, 355 U.S. at 45-46 (1957).

### C. Recommendation

The undersigned respectfully recommends that Plaintiff's Complaint [**ECF No. 1**] be **DISMISSED WITH PREJUDICE** and the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 2**] be **DENIED** as moot. After a careful review of the Complaint and attached exhibits, the Court finds that the majority of the claims raised by Plaintiff lack subject matter jurisdiction and the remaining federal claims should be dismissed for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(B)(2).

## II. <u>FACTS</u>

The Child at the center of this case is the daughter of Defendant Stefanie Brennan. (Complaint, ECF No. 1 at 5). Plaintiff, Andre Juste, is not the biological father of the Child. (Complaint Ex. C, ECF No. 1-3 at 2). Plaintiff claims he met the mother, Defendant Brennan, when she was four months pregnant with the Child. (*Id.*). He further asserts that he served a parenting role for the Child for slightly over one year, since the Child's birth on March 31, 2008

until her removal on August 20, 2009. (*Id.*). Despite the fact that Andre Juste is not the biological father of the Child, Plaintiff Juste and Defendant Brennan signed a "State of West Virginia Declaration of Paternity Affidavit" on August 7, 2008 listing Andre Juste as the biological father of the Child and stating that the Child's last name would be changed to "Aimiee Amariah Andre Juste." (Complaint Ex. B, ECF No. 1 at 1-2). Based on the documentation provided, it does not appear that Andre Juste was ever granted joint or sole custody over the Child even though he argues he is "entitled to lawful custody." (Complaint, ECF No. 1 at 6).

The mother, Defendant Stefanie Brennan, and the Child appear to have first been involved in Berkeley County Family and/or Circuit Court as a result of the mother's drug use. (Complaint Ex. C, ECF No. 1-3 at 2). Plaintiff states that Defendant Brennan had been incarcerated on federal drug charges at some point after the Child's birth. (*Id.*). On August 20, 2009, Defendant Brennan signed an "Authorization for Temporary Guardianship of Minor" form granting temporary guardianship of the Child to her sister, Defendant Lindsay Phillips, for a period of two years. (*Id.*; *see also* Complaint Ex. A, ECF No. 1-1). On the authorization form granting Defendant Phillips temporary custody, Plaintiff is not listed as parent. (*Id.*).

Plaintiff alleges that on or about August 20, 2009, Defendant Phillips unlawfully removed the seventeen-month-old child to Merritt Island in Brevard County, Florida without a parenting plan or a court order allowing for relocation. (Complaint, ECF No. 1 at 3-4). Defendant Phillips allegedly moved from Hedgesville, West Virginia to Merritt Island, Florida when she was transferred by her employer, Wal-Mart Stores, Inc. (*Id.* at 5). Once in Florida, Plaintiff claims that Defendant Phillips made a "tampering attempt for custody and to adapting [sic] Aimiee." (*Id.*). At this time, Defendant Phillips also "began to deny Andre Juste and without a Court order parenting child contact." (*Id.*). Plaintiff later states that in 2010 the

Eighteenth Judicial Circuit Court in Brevard County, Florida, awarded "legal and physical parental rights and responsibilities" to Defendant Phillips and granted Plaintiff visitation "during holidays, vacations and some weekends." (*Id.* at 6).

Plaintiff maintains he is entitled to lawful custody of the Child. (*Id.* at 6). Plaintiff alleges that Berkeley County Family Court and Circuit Court "have found Lindsay Annmarie Phillips in kidnapping and abduction contempt and Stefanie Faith Brennan conspiracy imposed sanctions for their conducts." (*Id.*). Plaintiff asserts that the Child had previously been listed as missing by the National Center for Missing and Exploited Children as a victim of family abduction. (*Id.*). Plaintiff states he contacted the police numerous times regarding the Child's removal by Defendant Phillips but no action was taken. (*Id.* at 14).

### III. DISCUSSION

#### A. *Improperly Named Parties*

##### 1. **Improper Plaintiffs**

The Complaint lists MotJuste Tirade of Vim Andre Juste as a plaintiff. (Complaint, ECF No. 1 at 1). MotJuste Tirade of Vim Andre Juste is a support services organization that appears to be managed and/or owned by Andre Juste. (*Id.* at 18). The Supreme Court has held that organizations are not "persons" within the meaning of § 1915(a) and thus cannot proceed *in forma pauperis. See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197, 113 S. Ct. 716, 719 (1993). Accordingly, Plaintiff cannot litigate this case on behalf of the organization, MotJuste Tirade of Vim Andre Juste.

The Complaint also lists Aimiee Amariah Andre Juste, a minor under the age of twelve (12), as a named plaintiff. (Complaint, ECF No. 1 at 1). Pursuant to 28 U.S.C. § 1654, litigants have the right to file civil cases *pro se*. However, "non-attorney parents generally may not

litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *see e.g. Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir.2002); *Navin v. Park Ridge Sch. Dist.,* 270 F.3d 1147, 1149 (7th Cir. 2001); *Devine v. Indian River County Sch. Bd.,* 121 F.3d 576, 581 (11th Cir. 1997); *Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997); *Osei–Afriyie v. Med. Coll.,* 937 F.2d 876, 882–83 (3d Cir. 1991); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986). Here, even if Plaintiff Andre Juste is considered the legal guardian or parent of the Child, he cannot bring a *pro se* lawsuit on the Child's behalf.  Accordingly, Andre Juste is not authorized to litigate the *pro se* claim on behalf of Aimiee Amariah Andre Juste.

## 2.  Improper Defendants

Plaintiff Juste names Wal-Mart Corporate, Inc. as a defendant in his Complaint. (Complaint, ECF No. 1 at 1). However, Plaintiff does not allege any claims against Wal-Mart. (*Id.* at 1 to 18). Plaintiff merely states that Defendant Phillips is employed by the company and was transferred for work from the Wal-Mart store in Martinsburg to another store in Brevard County, Florida. (*Id.* at 5).  Plaintiff does not allege any wrongdoing or assert a claim against Wal-Mart for their actions. Accordingly, the undersigned recommends that Defendant Wal-Mart Corporate, Inc. be **DISMISSED WITH PREJUDICE** from the Complaint [ECF No. 1] in accordance with 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted against this Defendant.

### B.  Jurisdiction

Only certain types of cases may be filed in federal district court. In order to properly rule on a lawsuit, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. A federal district court may exercise subject matter

jurisdiction over cases that involve a "federal question" or those cases that involve a controversy exceeding $75,000 between citizens from different states. *See* 28 U.S.C. §§ 1331 and 1332. Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

### 1.   Federal Question Jurisdiction Under 28 U.S.C. § 1331

In order to base subject matter jurisdiction on "federal question" jurisdiction under 28 U.S.C. § 1331, the civil case must "aris[e] under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule requires that the federal question appear on the face of a properly-pleaded complaint; otherwise, the court lacks federal question jurisdiction. *See Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharm., Inc.* v. *Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction, however, "may not be premised on the mere citation of federal statutes." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff cites several federal statutes as a basis for federal question jurisdiction. Plaintiff claims violations of the following federal statutes: RICO (18 U.S.C. § 1964); civil rights violations under 42 U.S.C. §§ 1985 and 1986; various federal criminal laws; the Indian Child Welfare Act (25 U.S.C. § 1920); and, the Parental Kidnapping Prevention Act (28 U.S.C. 1738A). (Complaint, ECF No. 1 at 3, 7-8). The alleged violations of the RICO Act, civil rights statutes and the Parental Kidnapping Parental Act may be considered by the Court under federal question jurisdiction and will be addressed further below. However, the other statutes cited by Plaintiff cannot serve as a basis for jurisdiction.

First, Plaintiff states that Defendants Phillips and Brennan must be held liable for violating federal criminal statutes, including kidnapping (18 U.S.C. §1201), demanding ransom

money (18 U.S.C. §1202), being a fugitive from justice (18 U.S.C. §3182), misprison of felony (18 U.S.C. § 4), mail fraud (18 U.S.C. §1341), and laundering of monetary instruments (18 U.S.C. § 1956). (Complaint, ECF No. 1 at 5, 15, 16). Criminal statutes cannot be the basis of jurisdiction in a civil case. *See Whittington v. U.S. Bank Nat. Ass'n,* No. 4:12-CV-03167-MGL, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013) (finding that a federal criminal statute did not give the court federal question jurisdiction over a civil case.). Moreover, while federal district courts do have jurisdiction over criminal cases, a plaintiff filing a civil case cannot bring a criminal case against another person. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (stating that "[n]o citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the Court cannot exercise subject matter jurisdiction over these alleged violations of federal criminal law asserted by Plaintiff in this civil case.

Second, Plaintiff claims Defendants violated the Indian Child Welfare Act, 25 U.S.C. § 1920, by wrongfully removing and relocating the Child to Florida.[3] (Complaint, ECF No. 1 at 7). The statute cited by Plaintiff governs child custody proceedings of Indian children. Based on the facts asserted in the pleadings, this statute is not applicable to the present case. The mere citation of this statute in a Complaint that raises no allegations related to an Indian child custody proceeding does not give this Court federal question jurisdiction. Accordingly, the Court cannot establish federal question jurisdiction under this statute.

## 2. Diversity Jurisdiction Under 28 U.S.C. § 1332

Federal courts may also exercise diversity jurisdiction over a civil case. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter

___

[3] 25 U.S.C. § 1920 states in full: "Where any petitioner in an Indian child custody proceeding before a State court has improperly removed the child from custody of the parent or Indian custodian or has improperly retained custody after a visit or other temporary relinquishment of custody, the court shall decline jurisdiction over such petition and shall forthwith return the child to his parent or Indian custodian unless returning the child to his parent or custodian would subject the child to a substantial and immediate danger or threat of such danger."

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." To base subject matter jurisdiction upon § 1332, complete diversity must exist, which means the citizenship of the plaintiff must be different from the citizenship of *each and every* defendant. *See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (explaining that "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.") (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Also, it is required in a diversity case that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *see also Toler v. State Farm Mut. Auto. Ins. Co.,* 25 Fed. Appx. 141, 143 (4th Cir. 2001).

Here, Plaintiff asserts there is diversity jurisdiction "[w]ith respect to the intentional tort of kidnapping parental abduction."[4] (Complaint, ECF No. 1 at 3). However, the parties named in Plaintiff's Complaint are not completely diverse as required by §1332. In the Complaint, Plaintiff asserts he is a resident of West Virginia and avers that Defendant Stefanie Brennan is also a resident of West Virginia while Defendant Lindsay Phillips is a resident of Merritt Island, Brevard County, Florida. (*Id.* at 3-4). Accordingly, the Court does not have subject matter jurisdiction under § 1332 because Plaintiff and at least one Defendant are West Virginia citizens. *See Cent. W. Va. Energy Co.,* 636 F.3d at 103.

The Court also would like to address Plaintiff's requests that this Court require the return of the Child to West Virginia and grant Plaintiff custody and/or visitation rights. This Court does

---

[4] Plaintiff also cites numerous West Virginia and Florida criminal and civil statutes that he alleges Defendants have violated. As stated above, a plaintiff cannot raise federal or state criminal law violations against another person in a civil case. Accordingly, the Court cannot exercise jurisdiction over alleged violations of state criminal laws. The Court will not discuss in detail the other state law claims raised by Plaintiff because the Court cannot exercise diversity jurisdiction over such state law claims. Moreover, the Court finds that Plaintiff has failed to allege any claims under federal jurisdiction that would allow for supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367.

not have jurisdiction over "a purely custodial case between private parties." *Doe v. Doe*, 660 F.2d 101, 106 (4th Cir. 1981). Plaintiff is seeking a determination that he is entitled to custody over his daughter and this Court simply does not have the jurisdiction to rule on this custody issue. *See Wasserman v. Wasserman*, 671 F.2d 832, 835 (4th Cir. 1982). Child custody disputes must be raised in state, not federal, court. While the Court discusses Plaintiff's Parental Kidnapping Prevention Act ("PKPA") claim below, this statute still does not allow this Court to rule on the ultimate determination of who has legal custody over the Child.

### C. *Legal Analysis of Federal Question Claims*

Plaintiff Andre Juste asserts four claims that arise under federal law: 1) violation of the RICO Act, 2) civil rights violation under 42 U.S.C. § 1985, 3) civil rights violation under 42 U.S.C. § 1986, and 3) violations of the Parental Kidnapping Prevention Act. (*See* Complaint, ECF No. 1). As stated above, the federal *in forma pauperis* statute allows for a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(B)(2). After a careful review of the pleadings and exhibits, the undersigned recommends that each of the claims be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

### 1. **RICO, 18 U.S.C. §§ 1962(c) and 1962(d)**

The purpose of Racketeer Influenced and Corrupt Organizations Act ("RICO") is "the elimination of the infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce." S.Rep. No. 617, 91st Cong., 1st Sess. 76 (1969). The RICO Act allows a plaintiff to bring a private civil action to recover treble damages for injury "by

reason of a violation of" RICO's substantive provisions. *See* 18 U.S.C. § 1964(c).[5] In the present

case, Plaintiff claims that Defendants violated two substantive provisions of the RICO Act, §§

1962(c) and 1962(d). Section 1962(c) of the RICO act states that:

> [i]t shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or
> participate, directly or indirectly, in the conduct of such enterprise's affairs through a
> pattern of racketeering activity or collection of unlawful debt.[6]

18 U.S.C. § 1962(c). Section 1962(d) of the RICO Act makes it unlawful to conspire to violate

§§ 1962(a), (b) or (c) of the RICO Act. 18 U.S.C. § 1962(d).

Here, Plaintiff appears to assert that Defendants Phillips and Brennan violated the RICO

Act by associating and participating in the conduct of the Florida Department of Children and

Families through kidnapping the Child and laundering money received from the Department.[7]

(Complaint, ECF No. 1 at 15). Plaintiff explains that Defendant Phillips "participated in the

affairs of the Florida Department of Children and Families to obtaining child support in able to

gain adoption through the aforementioned pattern of racketeering activity." (*Id.*). Plaintiff alleges

that as a result of the RICO violation he has "suffered injury to their business or property,

including legal fees, investigative fees, court costs, and unpaid child support obligations, and

deprivation of personal property." (*Id.* at 17). The Court finds that Plaintiff has failed to allege

any facts in support of a RICO Act violation.

---

[5] 18 U.S.C. § 1964 states in full, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

[6] RICO defines "racketeering activity" as "any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions…and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." *Sedima*, 473 U.S. at 481-83 (citing 18 U.S.C. § 1961(1)). RICO also defines a "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. §§ 1961(3).

[7] The Court attempted to understand Plaintiff's reasoning but much of Plaintiff's explanation is unintelligible. For example, in support of his RICO claim, Plaintiff states that violations involve "abduction of monetary instruments, including laundering money received from Florida Department of Children and Families and child support for others assistance required under the child care as food stand under the guise of a hydrangea purchase, by converting it into a fraudulent payroll assistance from Florida Department of Children and Families to Lindsay Annmarie Brennan, Stefanie Faith Phillips." (Complaint, ECF No. 1 at 15).

First, the Court will address the alleged involvement of the Department of Children and Families. Plaintiff appears to assert the RICO claim against the Florida Department of Children and Families because Defendant Phillips received financial assistance from the Department and/or the Department's was involved in Defendant Phillips' adoption of the Child. (*Id.* at 16). However, any claim against the Florida Department of Children and Families is not properly plead before this Court as the Department is not listed as a named defendant in this case. *See* FED. R. CIV. P. 10(a). Therefore, this Court will not consider any violations of the RICO Act that Plaintiff attempts to assert against the Florida Department of Children and Families.

In order to establish a violation of § 1962(c), the plaintiff must demonstrate: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985). Based on a review of Plaintiff's allegations against Defendants Phillips and Brennan, the Court finds that Plaintiff misunderstands that purposes of the RICO Act and has failed to state a claim upon which relief may be granted. Moreover, the Court finds that this claim is also frivolous because the legal theory is "indisputably meritless" and the facts alleged in support of this claim are "clearly baseless." *See Neitzke*, 490 U.S. at 325, 327.

The first element Plaintiff must prove to establish a violation of the RICO Act is that Defendants conducted the affairs of an enterprise. To prove "conduct," the Supreme Court has determined that the participant must have engaged in some degree of direction in the affairs of the enterprise. *See Reves v. Ernst & Young,* 507 U.S. 170, 113 S. Ct. 1163 (1993); *see also United States v. Grubb,* 11 F.3d 426, 439 n. 24 (4th Cir. 1993). The Court stated that "RICO liability is not limited to those with a formal position in the enterprise, but *some* part in directing the enterprise's affairs is required." *Id.* Here, Plaintiff failed to allege that either Defendant

played any role in managing or directing an enterprise's affairs. Plaintiff merely states that Defendants kidnapped the Child and engaged in some sort of wrongdoing related to receiving funds from the Department of Children and Families. Nothing stated in Plaintiff's Complaint indicates Defendants Phillips or Brennan conducted or directed the affairs of the Department of Children and Families or some other enterprise.

Second, enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has further defined an enterprise for the purposes of RICO as a "group of persons associated together for a common purpose of engaging in a course of conduct.... [It is] proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 2529 (1981). Plaintiff has not alleged any facts indicating that Defendants Phillips and Brennan constituted an "ongoing organization" or functioned "as a continuing unit" as required under RICO.[8] Plaintiff's mere allegation that Defendants may have met and discussed a plan to kidnap the Child does not establish that Defendants were actually a "continuing unit" or "ongoing organization" as required under RICO.

The last two factors require "a pattern of racketeering activity." The racketeering activities Plaintiff alleges occurred include kidnapping and laundering money. While these criminal acts are defined as racketeering activities, Plaintiff makes conclusory allegations that such acts "are related to one another and are continuous." (Complaint, ECF No. 1 at 15-16).

---

[8] Plaintiff states that the "Protect Aimiee Amariah Andre Juste Coalition" was organized in August 2009 in Martinsburg by Defendant Brennan and "other individuals." (Complaint, ECF No. 1 at 9). Plaintiff explains that the purpose of the Coalition "was not prevent did not have any court order in Berkeley County, West Virginia for getting adoption in Florida of Brevard County, Merritt Island contact between Aimiee Amariah Andre Juste and Andre Juste." (*Id.*). Plaintiff states that Defendants established a Facebook site and "other social media to solicit page viewers and friends." The Court does not find this allegation to be sufficient to establish the creation of an "enterprise" for the purposes of RICP.

Plaintiff alleges no facts that these actions were part of an overall illegal scheme that constitutes a violation under RICO.

Therefore, the Court finds that Plaintiff failed to adequately allege the four elements required to prove a violation of § 1962(c) and that the factual allegations underlying the claim are "clearly baseless." Additionally, Plaintiff failed to allege that Defendants entered into a conspiracy for which the objective was to conduct or participate in an enterprise through a pattern of racketeering as required by § 1962(d). Accordingly, the undersign recommends that the RICO Act claims be **DISMISSED WITH PREJUDICE.**

### 2. Civil Rights Violation under 42 U.S.C. §§ 1985(3)

Plaintiff alleges that Defendants conspired to violate his civil rights under 42 U.S.C. § 1985(3) on account of gender. (Complaint, ECF No. 1 at 2, 14, 18). Plaintiff further states that the Defendants sought to prevent "the Courts of West Virginia from securing Andre Juste and Aimiee Amariah Andre Juste equal protection of their rights to a parent-child relationship under the law." (*Id.* at 18).

In order to establish a claim under 42 U.S.C. § 1985(3), the plaintiff must prove the following elements:

> 1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985) (citing *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 3355-56 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798 (1971); *Ward v. Connor*, 657 F.2d 45, 47 n. 2 (4th Cir.

1981). In the present case, Plaintiff has failed to establish the elements required to prove a violation of § 1985(3).

First, Plaintiff failed to allege any facts demonstrating there has been a conspiracy. The Fourth Circuit has held that "the law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir.1995). Plaintiff alleges no facts indicating Defendants came to an agreement or "meeting of the minds" as required to establish a conspiracy. Plaintiff merely asserts that Defendants "decided agreeing" in August 2009 that Defendant Phillips would flee with the Child to Florida. (Complaint, ECF No. 1 at 9). Plaintiff further states that Defendants devised a plan to kidnap and abduct the child in order to gain custody of the Child by infiltrating the Florida Department of Children and Families. (*Id.* at 11-12). The Court finds these conclusory allegations not only implausible on their face, but also insufficient to establish that a "conspiracy" existed for the purposes of § 1985(3).

The second element requires the conspirators to be motivated by discriminatory feelings towards a person because they belong to a particular "class." For the purposes of this section of the statute, the class must possess the "discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex." *Id.* (quoting *Bellamy v. Mason's Stores, Inc.*, 368 F. Supp. 1025, 1028 (E.D.Va.1973), *aff'd*, 508 F.2d 504 (4th Cir.1974). Here, Plaintiff states that Defendants conspired to violate his civil rights "on account of gender."[9] However, Plaintiff fails to allege any facts indicating Defendants were in fact motivated to discriminate against Plaintiff because he is male. Moreover, Plaintiff did not

---

[9] Plaintiff also alleges that Defendants violated the civil rights of the Child, but as stated above, Plaintiff Andre Juste, proceeding *pro se*, cannot assert any claims on behalf of the Child.

allege that he belonged to any other group that is entitled to protection under § 1985(3). The Court finds that Plaintiff fails to allege any facts demonstrating Defendants discriminated against him based on his membership to a particular "class" entitled to protection under § 1985(3).

The Court finds that Plaintiff only makes broad allegations that his civil rights have been violated and has failed to prove the existence of a conspiracy. Accordingly, Plaintiff has failed to allege the essential elements necessary to bring a § 1983(5) claim and the undersigned recommends that the claim be **DISMISSED WITH PREJUDICE.**

### 3. Civil Rights Violation under 42 U.S.C. §§ 1986

In support of his § 1986 claim, Plaintiff merely cites the text of 42 U.S.C. § 1986 and then alleges that the Defendants "knew that they were planning to abduct" the Child "in order to violate the Plaintiffs' Andre Juste right to equal protection, and did nothing to prevent the abduction or notify the authorities." (Complaint, ECF No. 1 at 18).

Under 42 U.S.C. § 1986, a plaintiff may bring a claim against "any party with knowledge of a conspiracy in violation of section 1985 who fails to take action prevent the violation." *Davis v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) *aff'd*, 87 F.3d 1308 (4th Cir. 1996). If a plaintiff's § 1985 claim fails, then the plaintiff's § 1986 claim must also fail. *See Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985) (stating that "[a] cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985."). Accordingly, because the Court found that Plaintiff failed to establish the elements of a §1985(3) claim, the undersigned also recommends that Plaintiff's § 1986 claim be **DISMISSED WITH PREJUDICE.**

### 4. Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A

Plaintiff asks the Court to "enforce" the Parental Kidnapping Prevention Act against Defendants. (Complaint, ECF No. 1 at 11). The PKPA sets national standards for determining

jurisdiction in child custody disputes and provides that full faith and credit be given to child custody determinations in state court. *See* 28 U.S.C. § 1738A. The purpose of the PKPA is to prevent "a second state from modifying an initial state's [custody] order except in carefully circumscribed situations. This presumption of continuing and exclusive jurisdiction [of the first court] discourages dissatisfied parents from seeking new custody orders from a second state." *Meade,* 812 F.2d at 1476.

While federal courts do not have jurisdiction to consider child custody cases, "[t]he traditional 'domestic relations' restriction on federal jurisdiction does not apply to a complaint brought under § 1738A to enforce one of two conflicting state custody orders." *Hickey v. Baxter*, 800 F.2d 430, 431 (4th Cir. 1986); *see also Meade v. Meade*, 812 F.2d 1473, 1476 (4th Cir. 1987*)* (explaining that "the PKPA creates federal question jurisdiction in the lower federal courts to resolve interstate custody disputes whenever conflicting custody decrees have issued in violation of the Act."). "[T]he PKPA permits federal courts to grant declaratory and injunctive relief on the jurisdictional dispute without reassessing the merits of any particular state's custody determination." *Meade*, 812 F.2d at 1476 (citing *Hickey*, 800 F.2d at 431).

In the present case, Plaintiff claims he is "entitled to lawful custody" of the Child. (Complaint, ECF No. 1 at 6). Plaintiff asserts that Defendant Phillips unlawfully removed the Child to Brevard County, Florida, without the permission of the Berkeley County Circuit Court, in August 2009.  (*Id.*). Plaintiff alleges that Defendant Phillips attempted to gain custody and adopt the Child by a court in Brevard County, Florida. (*Id.* at 6). Plaintiff states that in 2010 "the Circuit Court Eighteen Judicial in for Brevard County, Florida Family without Court issued an Order awarding legal and physical parental rights and responsibilities to Lindsay Annmarie Phillips." (*Id.* at 7).

The Court finds that Plaintiff has failed to allege sufficient facts to demonstrate the existence of conflicting state custody orders as required to invoke a violation of the PKPA. While Plaintiff Andre Juste claims he is the father of the Child, there is no documentation that demonstrates he has been granted guardianship or custodial rights over the Child. Plaintiff perhaps believes he has parental rights based on a State of West Virginia Declaration of Paternity Affidavit that lists Andre Juste as the biological father of the Child and stating that the Child's name would be changed to "Aimiee Amariah Andre Juste." (Complaint Ex. B, ECF No. 1-2 at 1). Plaintiff and Defendant Stefanie Faith Brennan both signed this notarized document stating Andre Juste was indeed the biological father of the Child on August 7, 2008. (*Id.*). However, Plaintiff Andre Juste also makes clear in an exhibit attached to his pleadings that he is *not* the biological father of the Child; Plaintiff states the "natural father…abandoned the minor child after being born" and further explains that he met the biological mother, Defendant Stefanie Brennan, when she was already four months pregnant with the Child. (Complaint Ex. C, ECF No. 1-3 at 1). Despite Plaintiff's bare assertion that he is entitled to parental rights and his perjured statement that he is the Child's biological father, there is no evidence that a state court in West Virginia actually granted Plaintiff custody or guardianship over the Child.

Even assuming a state court did grant Plaintiff custody over the child, the Court still does not find that Plaintiff alleged sufficient facts to demonstrate there is a conflicting custody order existing in Florida. Plaintiff's claims a court in Brevard County, Florida granted Defendant Phillips custody over the Child in 2010. (Complaint, ECF No. 1 at 7). Plaintiff's Exhibit A demonstrates that Defendant Phillips was granted temporary guardianship over the Child from August 20, 2009 to August 20, 2011. (Complaint Ex. A, ECF No. 1-1 at 1-3). The grant of temporary legal custody to Defendant Phillips indicates that Plaintiff did not have rightful

custody over the Child when Defendant Phillips allegedly obtained legal custody by the Florida court.

Even when liberally construing the complaint, there does not appear to be any evidence that Plaintiff has ever been granted custody over the Child nor that two conflicting state custody orders are in existence. The Court finds that Plaintiff failed to state a claim for which relief may be granted under the PKPA. Accordingly, the undersigned recommends that Plaintiff's claim under this ground be **DISMISSED WITH PREJUDICE.**

## IV. <u>RECOMMENDATION</u>

The Court finds that Plaintiff failed to state a claim for which relief may be granted in regard to his RICO claim, the civil rights claims under 42 U.S.C. §§ 1985 and 1986 and the Parental Kidnapping Prevention Act. *See* 28 U.S.C. § 1915(e)(B)(2). Additionally, the undersigned finds that the Court lacks subject matter jurisdiction over Plaintiff's additional claims and dismissal is warranted pursuant to the Federal Rules of Civil Procedure Rule 12(h)(3). For the reasons set forth in this opinion, the undersigned respectfully recommends that Plaintiff's Complaint [**ECF No. 1**] be **DISMISSED WITH PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [**ECF No.** 2] be **DENIED** as moot.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff Andre Juste may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Judge Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th

Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208

(1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and

Recommendation to the *pro se* Plaintiff Andre Juste.


**DATED**: February 25, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE